**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-cv-62332-BLOOM/White**

CHARLENE TERRY-ANN WALKER ROSA,

Petitioner,

v.

JULIE L. JONES,
SEC'Y, FLA. DEP'T OF CORR'S,

Respondent.
_____________________________________/

**ORDER DENYING MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon *pro se* Petitioner's Motion for Reconsideration, ECF Nos. [67, 75]. The Court has reviewed the Motion and the record in this case, and is otherwise fully advised as to the premises. For the reasons set forth below, the Court denies the Motion for Reconsideration.

## I. BACKGROUND

Petitioner was charged with first-degree murder of Lola Salzman by bludgeoning and/or stabbing with a knife in violation of Florida Statute § 782.04(1). *See* ECF No. [30-1] at 13–14. On July 5, 2007, the jury found Petitioner guilty of first-degree murder and she was sentenced to a term of life in prison without the possibility of parole. *Id.* at 16–22. After a lengthy history of proceedings in state court, Petitioner timely filed her Petition for *habeas corpus* relief in this Court. *See* ECF No. [1]. Judge White summarized Petitioner's four claims in his Report and Recommendation (the "Report"), including the claim at issue here: that Petitioner's defense

attorney was ineffective for conceding to the authenticity of recorded telephone conversations at trial. ECF No. [53] at 2.

On May 31, 2018, this Court adopted the Report and Judge White's well-reasoned analysis denying Petitioner's claim that her defense attorney was ineffective for not objecting to the authenticity of telephone recording tapes. ECF No. [61], at 16–17. A summary of Judge White's analysis follows. In Petitioner's criminal trial, the State presented taped conversations between Petitioner and two individuals, Maxine Hylton and Omar Nunez. ECF No. [53] at 27–28. On direct examination, both Ms. Hylton and Mr. Nunez testified that they agreed to cooperate with law enforcement and participate in taped conversations with Petitioner, and provided testimony about those recorded conversations. *Id.* Petitioner's defense attorney did not object to the authenticity of the taped conversations when presented at trial, but conducted a thorough cross-examination of both witnesses. *Id.* at 26–28. Judge White concluded that the "state post-conviction court's conclusion that counsel was not deficient for failing to make a meritless objection was consistent with *Strickland* and not objectively unreasonable. Moreover, Petitioner's claim fails because she cannot demonstrate a reasonable probability that the jury would have found her not guilty had the trial court excluded the testimony identifying her voice." *Id.* at 28.

Petitioner filed a Motion for Certificate of Appealability, ECF No. [62], which the Clerk's office construed as a notice of appeal from the final order denying the § 2254 petition, and therefore transmitted a notice of appeal to the Eleventh Circuit Court of Appeal on June 1, 2018. Thereafter, Petitioner filed a Motion for Leave to Proceed *in forma pauperis* for Costs of Transcripts on Appeal. ECF No. [70]. The Eleventh Circuit held that the motion for a certificate of appealability designated an appeal from the magistrate judge's report recommending the

denial of the § 2254 petition, which report was not appealable. However, it construed ECF No. [70] as a timely notice of appeal from the final order denying the § 2254 petition. *See* ECF No. [75] at 2-3. Petitioner filed a Notice of Newly Discovered Evidence, ECF No. [67], and Supplemental Post Judgment Motion, ECF No. [75], which the Eleventh Circuit construed as moving to reconsider the Court's denial of the § 2254 petition. *See* ECF No. [75] at 3. On August 23, 2018, the Eleventh Circuit remanded the case to this Court for the limited purpose of addressing Petitioner's motion to reconsider the denial of the § 2254 petition. *Id.*

The purported newly discovered evidence Petitioner filed includes two memoranda to file by Petitioner's defense counsel in the underlying criminal case, H. Dohn Williams Jr., and six letters from counsel to Petitioner. ECF No. [67], at 23–48. Petitioner has identified as relevant to her Motion for Reconsideration a portion of a memorandum to file dated February 19, 2007, consisting of defense counsel's notes of a meeting with Petitioner discussing the State's evidence in her criminal proceeding. The relevant portion of said memorandum provides:

> I told the client about the portions of the calls that concerned me. She said she did not want to hear the tape-recordings because it was not her voice on the tape recordings or if it was her voice the police manipulated the recording to make her look bad.
>
> I explained to the client that I had heard her voice enough to recognize it and that it was her voice.

*Id.* at 30. Petitioner alleges that defense counsel provided her with this memorandum after she contacted him following the issuance of Judge White's Report and Recommendation. *Id.* at 21–22. Petitioner further alleges that the language in the memorandum is new evidence that demonstrates defense counsel had a conflict of interest. *See, e.g.*, ECF No. [75] at 5.

**II. STANDARD**

Petitioner seeks reconsideration of the Court's denial of the § 2254 petition. "While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); s*ee also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) ("[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice"). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu–Cape Const.*, Inc., 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly.") (citation omitted).

"Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). But "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived."

*Compania*, 401 F. Supp. 2d at 1283. Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

## III. DISCUSSION

The new evidence Petitioner submitted does not change the Court's conclusion. This Court determined that Petitioner's claim that defense counsel was ineffective for failing to object to the authenticity of the recordings did not satisfy the *Strickland* standard. Alternatively, to the extent that Petitioner intends to raise a new argument that her criminal defense counsel had an "actual conflict," or in other words, "inconsistent interests," *see Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999), Petitioner's claim is procedurally time-barred, and in any event, fails on the merits.

### A. Ineffective Assistance of Counsel

Although Petitioner's Motion for Reconsideration seeks to advance a claim characterized as a "conflict of interest," based on newly discovered evidence, Petitioner has merely recycled and repackaged the previously asserted ineffective assistance of counsel claim. In prior briefing Petitioner contended that her attorney agreed with her that it was not Petitioner's voice on the recordings but he chose not to object for strategic reasons. Now Petitioner claims that her attorney recognized her voice on the recordings despite Petitioner's insistence that it was not her voice. Whether defense counsel recognized her voice or not, at bottom, Petitioner's claim is that counsel was ineffective for not objecting to the authenticity of the phone recordings.

This Court's conclusion that counsel satisfied *Strickland's* deferential standard is unchanged by the newly submitted internal memorandum. Counsel will not be deemed

unconstitutionally deficient because of tactical decisions. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983); *Ford v. Strickland*, 696 F.2d 804, 820 (11th Cir. 1983) (*en banc*); *see United States v. Costa*, 691 F.2d 1358, 1364 (11th Cir. 1982). Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it. *Adams v. Balkcom*, 688 F.2d 734, 738 (11th Cir. 1982) (citing *Washington v. Strickland*, 693 F.2d 1243, 1254 (5th Cir. 1982) *also citing Ford v. Strickland*, 696 F.2d 804, 820 (11 Cir. 1983) (*en banc*)); *Baldwin v. Blackburn*, 653 F.2d 942, 946 (5th Cir. 1981), *cert. den'd*, 456 U.S. 950 (1982); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). The burden of proof to establish ineffectiveness and prejudice is on the petitioner. *Washington*, 693 F. 2d at 1262.

The new evidence -- that defense counsel recognized Petitioner's voice in the phone call recordings -- does not demonstrate that the strategy to not object to the authenticity of the tapes was wrong, much less that it was patently unreasonable. It is well-settled in Florida that voice identification is admissible and that testimony attesting to the "identity of the accused even by one who has heard his voice" is "direct and positive proof of a fact." *Martin v. State*, 100 Fla. 16, 24 (Fla. 1930); *see England v. State*, 940 So. 2d 389, 401 (Fla. 2006), *cert. den'd by England v. Florida*, 549 U.S. 1325 (2007); *Cason v. State*, 211 So. 2d 604, 604 (Fla. 2d DCA 1968). At Petitioner's criminal trial, the individuals who recorded the taped conversations with Petitioner identified her voice on the tapes. Defense counsel's decision not to make a baseless objection to the authenticity of the voice recordings is no less reasonable given that counsel was able to identify Petitioner's voice in the tapes.

### B. Conflict of Interest

To the extent that Petitioner intends to raise a claim that her defense attorney had a conflict of interest, it is a new claim that was not exhausted in state court, and therefore is procedurally defaulted. *See Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992) ("a *habeas* petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously"); *McNair v. Campbell,* 416 F.3d 1291 (11th Cir. 2005) (holding, pursuant to § 2254(b)(1), *habeas* petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court).

"To properly exhaust a claim" it is not "sufficient that a somewhat similar state-law claim was made." *Kelley v. Sec'y for Dep't of Corr.,* 377 F.3d 1317, 1343–44 (11th Cir. 2004). The Eleventh Circuit has provided further guidance on failure to exhaust claims of ineffective assistance of counsel:

> To properly exhaust a claim, "the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits." *Keeney,* 504 U.S. at 10, 112 S.Ct. at 1720. It is not sufficient merely that the federal habeas petitioner has been through the state courts, *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) …. The petitioner must present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim." *Picard,* 404 U.S. at 277, 92 S.Ct. at 513 (alteration in original).
>
> Thus, the prohibition against raising non-exhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief. For example, habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts. *Footman v. Singletary,* 978 F.2d 1207, 1211 (11th Cir. 1992).

*Id.*

In *Kelly*, the district court granted petitioner's *habeas* relief for ineffective assistance of counsel on the ground that defense counsel failed to investigate and present evidence on behalf

of petitioner. *Id.* at 1347. The district court's decision rested on defense counsel's reliance on a disbarred attorney conducting the pre-trial investigation. *Id.* The Eleventh Circuit compared that claim to the most similar claim raised in state court to determine whether the claim had been properly exhausted. *Id.* In state court, petitioner argued that her trial attorneys "failed to investigate, develop, or present readily available evidence that would have supported their own defense theories…" *Id.* Additionally, petitioner's brief to the Florida Supreme Court mentioned the disbarred attorney in one paragraph, stating that the disbarred attorney "did much of the investigation and preliminary legal work." *Id.* at 1349. Accordingly, the Eleventh Circuit held that the district court should have dismissed petitioner's ineffective assistance claim because petitioner did not notify "the State that he intended to challenge his conviction on the ground that his attorneys were constitutionally deficient in their duty to investigate or because they relied on [a disbarred attorney] for that chore." *Id.* at 1348. The Court concluded that petitioner failed to present[] the state court with this particular legal basis for relief in addition to the facts supporting it." *Id.* at 1350.

Here, Petitioner for the first time on Motion for Reconsideration is alleging that her attorney had a conflict of interest. Petitioner offers this as a new legal theory to explain why her attorney failed to object to the authenticity of the phone recordings. The facts on which this new claim is based are distinct from Petitioner's claim in state court. In Petitioner's Amended Motion for Post-Conviction Relief, she claimed:

> Defendant states that counsel visited her at the county jail to play a tape that the State claimed was conversation, between her and State witness Omar Nunez and Maxine Hylton. Defendant told counsel that she had no such conversation with either Maxine Hylton or Omar Nunez. More over [*sic*], she asserted that was NOT her voice. Defendant questioned counsel, as to whether or not he thought that it sounded like her voice, and he agreed that it did not sound like her voice. Counsel said but it sounded good, it said that Dutch did [it], not you.

ECF No. [30] at 217.

These facts are distinct from those asserted in the Motion for Reconsideration. The claim presented to the state court was that Petitioner's defense counsel agreed that the voice on the tapes did not belong to Petitioner whereas Petitioner now contends defense counsel believed that the voice on the recordings belonged to Petitioner. Thus, the state court was not presented with the conflict of interest theory or the facts supporting it.

Although the Court's analysis could end here, the Court will also address the merits of Petitioner's conflict of interest claim. A *habeas* petitioner who claims that he was denied his Sixth Amendment right to the effective assistance of trial counsel because his lawyer had a conflict of interest must show "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335 (1980); *accord Freund v. Butterworth,* 117 F.3d 1543, 1571 (11th Cir. 1997), *vacated*, 135 F.3d 1419 (11th Cir. 1998). This standard has been applied in two traditional contexts: a lawyer's "simultaneous representation" of clients with adverse interests, and a lawyer's "successive representation" of a client against whom a former client appears as a witness. *See, e.g., McConico v. Alabama,* 919 F.2d 1543, 1546 (11th Cir. 1990) (noting that a conflict of interest may arise in either context). Although, conflicts of interests have been found in some other contexts, this Court is not persuaded that the new evidence demonstrated that Petitioner's defense counsel has an actual conflict of interest that affected his performance.

"An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests.'" *Freund v. Butterworth*, 165 F.3d at 859 (quoting *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987). Petitioner does not claim that defense counsel's interests were compromised by any

factor external to the representation of Petitioner, such as the representation of any other client. Defense counsel's belief that he recognized Petitioner's voice on the recorded phone conversations does not give rise to inconsistent interests. Moreover, even if Petitioner could demonstrate that her defense counsel had inconsistent interests, Petitioner has not shown that her lawyer's performance was affected.

It is therefore **ORDERED AND ADJUDGED** that Petitioner's Motion for Reconsideration of the Court's denial of the § 2254 Petition, **ECF Nos. [67, 75]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of September, 2018.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Charlene Terry-Ann Walker Rosa
L06814
Homestead Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034
PRO SE